IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA FAWN TERRAZAS,

    Plaintiff,

v.                                                    Case No.  21-cv-1018 KG/GBW

GLOBE ACCEPTANCE, INC.,

    Defendant.

MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Globe Acceptance, Inc.'s (Globe) Motion to Dismiss for Failure to State a Claim. (Doc. 4). In its Motion, Globe requested, in the alternative, a more definitive statement. *Id.* Pro Se Plaintiff Victoria Fawn Terrazas responded to the motion in a filing styled as a Motion in Opposition. (Doc. 7). In her Response, Ms. Terrazas asked for the opportunity to make a more definitive statement. *Id.* Globe replied, (Doc. 8), and the Motion is now fully and timely briefed. The Court, having reviewed the pleading and the briefing grants Globe's Motion to Dismiss but dismisses the Complaint with leave to amend.

I.    *Background*

Ms. Terrazas originally filed her Complaint in the Third Judicial District, Doña Ana County, New Mexico. *See* (Doc. 1) Ex. A. Globe subsequently removed the action to this Court. (Doc. 1). Globe alleges diversity jurisdiction because it is registered in Iowa while Ms. Terrazas is a citizen of New Mexico, and the claim is for greater than $75,000. (Doc. 1) at ¶¶ 5-12. Ms. Terrazas has not challenged these facts and the Court finds it has subject matter jurisdiction per 28 U.S.C. §§ 1441 and 1332.

Ms. Terrazas brings two claims: (1) unfair practices in violation of NMSA § 57-12-2, and (2) professional malpractice.[1] (Doc. 1) Ex. A at 4.[2] The main idea of the Complaint is that Globe, which owned Ms. Terrazas' car loan, repossessed the vehicle and sold it for less than the outstanding balance. *Generally*, (Doc. 1) Ex. A. Ms. Terrazas alleges that besides loss of the family vehicle, her credit score has been harmed, which has made it harder to buy a home, and her mental health has suffered. *Id.* at 6-8.

As for how Globe behaved unlawfully, Ms. Terrazas alleges that manager Beth Dieter and other employees told her different policies regarding due date changes, making it virtually impossible to pay on time. Specifically:

- In October 2015, Ms. Terrazas contacted Beth Dieter to request a payment due date change and Ms. Dieter told her Globe "does not do due date changes." (Doc. 1) Ex. A at 8.

- In November 2016, Ms. Terrazas contacted Globe regarding a late payment and spoke to an unnamed employee who told her "yes" Globe does do due date changes. *Id.*

- In May 2017, a Globe employee named Nicole called Ms. Terrazas to explain that her due date change request was "off by one day" and needed to be re-requested for the 19th instead of the 20th. *Id.*

- In July 2017, Ms. Terrazas again spoke to Ms. Dieter, who told Ms. Terrazas that she "would not give someone like [Ms. Terrazas] a due date change, anyway." *Id.*

---

[1] In her Response, Ms. Terrazas mentions two other potential causes of action: (1) breach of contract and (2) unconscionable trade practices. The Court does not consider these because claims cannot be added via motion. *See* Fed. R. Civ. P. 15 (creating process for amending complaint).

[2] The Court refers to the ECF-generated page numbers applied to the header of filed documents.

Ms. Terrazas further alleges that Globe illegally required Ms. Terrazas to purchase force-placed insurance. *Id.* Despite those allegations, Ms. Terrazas alleges that she was in good standing when the loan was "discontinued," and the car was repossessed. *Id.* at 7. She further alleges that after the vehicle was sold at auction, none of the proceeds were applied to the loan balance. *Id.* at 8.

She asks for the car loan to be "expunged" from her credit report and for compensatory and punitive damages totaling $100,000.00. *Id.* at 4.

II.   *Legal Standards*

   A.  *Motions to Dismiss and Pro Se Pleadings*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a Rule 12(b)(6) motion to dismiss, all "well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) *cert. denied sub nom. Santa Fe All. for Pub. Health & Safety v. City of Santa Fe*, 142 S. Ct. 1228 (2022) (internal citation omitted). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A pro se plaintiff warrants certain special considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by

3

lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Tenth Circuit has instructed that

> this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements.

*Id.* The Court, however, must not "assume the role of advocate for the pro se litigant." *Id.*

Pro se litigants should ordinarily be afforded a reasonable opportunity to remedy deficiencies in their pleading. *See, e.g.*, *Hall*, 935 F.2d at 1110 n.3; *Reynoldson v. Shillinger,* 907 F.2d 124, 126 (10th Cir.1990) ("[If] it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (quoting 6 C. Wright, A. Miller & M. Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (West 1990))). This is especially true where the deficiencies are factual rather than legal. That is, while a pro se plaintiff is not relieved of the burden of alleging sufficient facts to state a "plausible" claim, "the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to him, should be allowed to amend [her] complaint." *Hall*, 935 F.2d at 1110.

On the other hand, a court may dismiss outright "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Id.* at 1109–10.

B. *New Mexico Unfair Practices Act*

The New Mexico Unfair Practices Act (UPA), NMSA §§ 57-12-1 to 26, prohibits certain "unfair or deceptive trade practices." That phrase

> means an act specifically declared unlawful pursuant to the Unfair Practices Act, a false or misleading oral or written statement, visual description or other

4

representation of any kind knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts by a person in the regular course of the person's trade or commerce, that may, tends to or does deceive or mislead any person and includes: ...

NMSA § 57-12-2(D). That general definition is then followed by a list of 19 examples of prohibited conduct. Ms. Terrazas does not cite to any specifically. Moreover, the Court has previously found that the UPA's list does not set forth separate claims but rather sets forth a non-exhaustive list of conduct which might, independently, constitute a violation of the UPA. *Guidance Endodontics LLC v. Dentsply Int'l, Inc.*, 728 F.Supp.2d 1170, 1198-99 (D.N.M. 2010).

To state a claim for an unfair or deceptive trade practice under the UPA, a complaint must allege:

> (1) the defendant made an oral or written statement, a visual description or a representation of any kind that was either false or misleading; (2) the false or misleading representation was knowingly made in connection with the sale, lease, rental, or loan of goods or services in the regular course of the defendant's business; and (3) the representation was of the type that may, tends to, or does deceive or mislead any person.

*Lohman v. Daimler-Chrysler Corp.*, 2007-NMCA 100, ¶ 5 (citing NMSA § 57-12-12(D)). "The gravamen of an unfair trade practice is a misleading, false, or deceptive statement made knowingly in connection with the sale of goods or services." *Diversey Corp. v. Chem-Source Corp.*, 1998-NMCA-112, ¶ 17. "The 'knowingly made' requirement is met if a party was actually aware that the statement was false or misleading when made, or in the exercise of reasonable diligence should have been aware that the statement was false or misleading." *Stevenson v. Louis Dreyfus Corp.*, 1991-NMSC-051, ¶ 17.

C. *Professional Misconduct*

Generally, a plaintiff must prove the following elements to prevail on a claim for professional malpractice based on negligence: "(1) the employment of the defendant

5

[professional]; (2) the defendant [professional's] neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss to the plaintiff." *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 50 (quoting *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 1993–NMCA–008, ¶ 9).

III.   *Analysis*

Globe correctly points out fatal deficiencies in Ms. Terrazas's pleadings. *Generally* (Doc. 4) at 6-9. *First*, Ms. Terrazas fails to allege conduct amounting to an unfair practice. The Court finds no facts showing a "misleading, false, or deceptive statement" knowingly made. Somewhat contradictory statements alone made by different employees of a company at disparate junctures over nearly two years do not make for knowing deception or misleading communication. And the other alleged bad acts—related to the insurance and the sale of the vehicle—do not appear to implicate the UPA.

*Second*, Ms. Terrazas does not include an individual defendant to whom professional negligence could be applied. Professional negligence must be brought against an individual professional, not a company generally. Here, Globe is the sole defendant.

*Third*, Ms. Terrazas fails to allege facts showing professional misconduct. Professional negligence requires alleging a duty owed by the professional to the person harmed and some conduct amounting to a breach of that duty. Ms. Terrazas alleges that Ms. Dieter terminated her car loan, but even under the liberal view of pro se pleadings, the Court finds no allegations showing that Ms. Dieter breached a duty to Ms. Terrazas in doing so.[3]

---

[3] Globe also argues that the pleading fails because Ms. Terrazas did not attach certain necessary documents. (Doc. 4) at 4-6 (citing NMRA 1-009(I)). Of course, once Defendants removed the case to this Court, the state's procedural rules no longer applied. *Los Lobos Renewable Power, LLC v. Americulture, Inc.*, 885 F.3d 659, 668 (10th Cir. 2018) (federal courts sitting in diversity apply state substantive and federal procedural law). The Court also finds the argument that a

Under the 12(b)(6) standard, the pleadings as written fail to state a plausible claim. While Ms. Terrazas pleads facts, those facts do not support the legal claims brought. For this reason, the Court grants the Motion to Dismiss.

The Court, however, dismisses without prejudice and with leave to amend for the following reasons. Ms. Terrazas is a pro se litigant and should be given an opportunity to cure deficiencies. Ms. Terrazas already raised other possible causes of action in her Response. Both parties, in the alternative to dismissal, urge a more definitive statement of the claims. Finally, given the lack of legal sophistication in the Complaint, it is very difficult for this Court to determine that no possible legal claim could arise from the facts alleged, and therefore the Court cannot conclude that amendment is futile.

For these reasons, Globe's Motion to Dismiss (Doc. 4) is granted and Ms. Terrazas' Motion in Opposition (Doc. 7), to the extent it is a motion, is denied. The Complaint is dismissed. The Court, however, grants Ms. Terrazas leave to amend pursuant to Rule 15(a)(2). Ms. Terrazas shall have 30 days from entry of this Order to file an amended complaint. Globe will be permitted to refile a motion to dismiss after receipt of the amended complaint.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

---

pro se plaintiff's complaint fails on a curable technicality not well-taken—especially where the merits argument suffices.