IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA FAWN TERRAZAS,

    Plaintiff,

v.                                                                             Case No.  21-cv-1018 KG/GBW

GLOBE ACCEPTANCE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on *pro se* Plaintiff Victoria Terrazas' Motion to Reconsider, which asks this Court to amend its Final Judgment from dismissal "with prejudice" to "without prejudice." (Doc. 15). That Motion is now fully and timely briefed. (Docs. 16 & 17). The Court, having considered the briefing, the applicable law, Ms. Terrazas' *pro se* status, the balance of equities, and being persuaded that it erred, grants the Motion in part.

Though Ms. Terrazas does not cite to a rule in her Motion, the Court will consider it under Federal Rule of Civil Procedure 59(e), which allows for motions to alter or amend judgments, and Rule 60, which permits relief from judgment.[1] The Court is persuaded that both rules support relieving Ms. Terrazas of the burden of a dismissal with prejudice.

First, the grounds warranting a motion to alter or amend a judgment pursuant to Rule 59(e) "include (1) an intervening change in the controlling law, (2) new evidence previously

---

[1] Though Ms. Terrazas did not explicitly invoke either Rule 59 or 60 in her Motion, the Court determines that a liberal reading of her *pro se* filing implicates both and so the Court construes it as a Motion under both. *E.g., Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally... [and] if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority" or "[her] confusion of various legal theories.").

unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) (quoting *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

The Court concludes that its Final Judgment (Doc. 14) was in error and that basic equity justifies relief.[2] A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) (citing *Grossman v. Novell, Inc.*, 120 F.3d 1112, 1126 (10th Cir.1997)). Here, the Court did not conclude that amendment would be futile. To the contrary, it offered Ms. Terrazas an opportunity to cure deficiencies, noting explicitly that "it is very difficult for this Court to determine that no possible legal claim could arise from the facts alleged, and therefore the Court cannot conclude that amendment is futile." (Doc. 13) at 7. When Ms. Terrazas missed the deadline to file an amended complaint, the Court entered final judgment "with prejudice," however the Court never found, nor could it now find, that amendment would be futile. Thus, under the standards of dismissal under Rule 12(b)(6), the Court should have dismissed without prejudice.

Defendant Globe Acceptance argues that dismissal with prejudice was appropriate once Ms. Terrazas failed to file an amended complaint because she "ignore[ed] or violat[ed] this Court's Order." (Doc. 16) at 1; *also id.* at 3. Globe Acceptance does not cite to any authority for

---

[2] Ms. Terrazas urges amending the judgment on different grounds—that she discovered new evidence. (Doc. 15). Though she eventually attaches new evidence to her Reply (Doc. 17), the Court finds that the evidence's relevance is underexplained and the requirement that it was not previously discoverable lacks sufficient support.

2

this proposition, but the Court, for the sake of argument, notes that involuntary dismissal under Rule 41 "operates as an adjudication on the merits," and thus may be properly entered with prejudice.

Even if that were the correct view of the Court's Judgment, Rule 60 authorizes the Court to relieve a party from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Court notes first that it did not require Ms. Terrazas to file, but permissively allowed her to file, an amended complaint. The Court did not clarify that failure to take that opportunity would change the ruling from without prejudice to with prejudice. In the only text explicitly on point, the Court wrote that it "dismissed without prejudice." (Doc 13) at 7. That is to say that, while *pro se* parties must comport with rules and orders, there was no clear rule or order on which Ms. Terrazas could have relied to predict the consequence of her decision not to file an amended complaint.

Ms. Terrazas represents that she interpreted the Court's previous Order to mean that her case "would be dismissed without prejudice IF I did not respond by September 22nd." (Doc. 17) at 1. She writes that it was an "honest mistake" and that once she received the final judgment, she drove to Albuquerque from Carlsbad to type her Motion to Reconsider and file it in person. *Id*. The Court finds this a reasonable misinterpretation and a good-faith attempt to rectify it. The Court, therefore, determines that Ms. Terrazas' failure to file an amended complaint was excusable neglect and the Court's change in judgment was a surprise, both of which merit relief.

Globe Acceptance argues that it is unfair to require it to continue to defend itself and to give Ms. Terrazas another chance to re-try her case. (Doc. 16) at 3. The Court concludes that the greater source of injustice would be to terminate Ms. Terrazas' case without adjudicating the merits and on a surprise technicality.

Nonetheless, the Court is sensitive that Ms. Terrazas has pushed the limits of procedural fairness. Her complaint was facially insufficient, she failed to amend when presented the opportunity, and now asks another chance. Granting her Motion outright, and amending the Court's Judgment to without prejudice, would subject Globe Acceptance to ongoing and indeterminate legal liability. Ms. Terrazas could once again file a complaint in a court of her choosing, limited only by any statute of limitations, and Globe Acceptance would be forced to answer, remove, motion for dismissal, and otherwise defend itself anew.

So, the Court determines that the equities weigh in favor of granting Ms. Terrazas' Motion in part. Rather than amend its Judgment to without prejudice, the Court vacates the Judgment outright according to its Rule 60 authority. The Court gives Ms. Terrazas **thirty (30) days** to file an amended complaint, and it states explicitly that failure to do so will result in dismissal with prejudice under Rule 41(b) for failure to prosecute.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE