IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

VICTORIA FAWN TERRAZAS,

    Plaintiff,

v.                                          Case No. 21-cv-1018 KG/GBW

GLOBE ACCEPTANCE, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant Globe Acceptance, Inc.'s Motion to Dismiss or for a More Definitive Statement (Doc. 20), filed December 29, 2022. The Motion received no response and is now ripe for adjudication. *See* Notice of Completion of Briefing (Doc. 22). Having considered the briefing and the First Amended Complaint (Doc. 19), the Court grants the Motion and dismisses the case.

I.   *Background*

In this case, Plaintiff Victoria Fawn Terrazas, representing herself, alleges that Globe, which owned Ms. Terrazas' car loan, improperly repossessed her car and untruthfully reported her debt to credit reporting agencies. *See* (Doc. 19) at 2–4. Ms. Terrazas originally brought her case in state court, and Globe removed it.[1] (Doc. 1). Her first Complaint brought two claims: (1) unfair practices in violation of NMSA § 57-12-2, and (2) professional malpractice. (Doc. 1) Ex. A at 4. The Court dismissed the first Complaint for failure to state a claim. (Doc. 13). The

---

[1] Globe alleges diversity jurisdiction because it is registered in Iowa while Ms. Terrazas is a citizen of New Mexico, and because the claim is for greater than $75,000. (Doc. 1) at ¶¶ 5–12. Ms. Terrazas has not challenged these facts and the Court finds it has subject matter jurisdiction per 28 U.S.C. §§ 1441 and 1332.

Court explained that Ms. Terrazas failed to allege conduct amounting to an unfair practice, did not name an individual defendant to whom professional negligence could apply, and notwithstanding that omission, failed to allege facts showing malpractice. *Id.* at 6.

In dismissing, however, the Court granted Ms. Terrazas 30 days to file an amended complaint addressing the deficiencies because "it is very difficult for this Court to determine that no possible legal claim could arise from the facts alleged, and therefore the Court cannot conclude that amendment is futile." *Id.* at 7. But after Ms. Terrazas declined to file a new pleading, the Court entered final judgment with prejudice. (Doc. 14). Ms. Terrazas then filed a Motion to Reconsider (Doc. 15), which the Court granted in part, vacating its judgment under Federal Rule of Civil Procedure 60, and granting Ms. Terrazas one more chance—and one additional month—to file an amended pleading. (Doc. 18).

Ms. Terrazas subsequently filed her First Amended Complaint. (Doc. 19). In it, she significantly reduces the facts alleged, but increases the claims brought to seven. *Id.* As remedy, she requests declarations that Globe committed breach of contract and defamation, an order requiring Globe to remove negative reports to credit reporting agencies, an apology, and compensatory damages of $100,000. *Id.* at 7. In the instant Motion, Globe once again argues that the Amended Complaint fails to state a claim. Ms. Terrazas did not respond to the Motion, so the Court considers her First Amended Complaint directly against the Rule 12(b)(6) standard without benefit of argument.

II.  *Legal Standard*

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

If a plaintiff fails to allege an essential element of their claim, the complaint is appropriately dismissed pursuant to Rule 12(b)(6). *Ellis ex rel. Est. of Ellis v. Ogden City*, 589 F.3d 1099, 1102 (10th Cir. 2009). Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Iqbal*, 556 U.S. at 678. While "[s]pecific facts are not necessary," a complaint requires sufficient factual assertions to give the defendant notice of "the grounds upon which [the claim] rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

A pro se plaintiff warrants certain special considerations. "A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Tenth Circuit has instructed that

> this rule means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements.

*Id.* The Court, however, must not "assume the role of advocate for the *pro se* litigant." *Id.*

*Pro se* litigants should ordinarily be afforded a reasonable opportunity to remedy deficiencies in their pleading. *See, e.g., Hall*, 935 F.2d at 1110 n.3; *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir.1990) ("[I]f it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief, the court should dismiss with leave to amend." (quoting 6 C. Wright, A. Miller & M.

Kane, *Federal Practice & Procedure,* Civil 2d § 1483 (West 1990))). This is especially true where the deficiencies are factual rather than legal. That is, while a pro se plaintiff is not relieved of the burden of alleging sufficient facts to state a "plausible" claim, "the plaintiff whose factual allegations are close to stating a claim but are missing some important element that may not have occurred to [her], should be allowed to amend [her] complaint." *Hall*, 935 F.2d at 1110.

On the other hand, a court may dismiss outright "when it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing [her] an opportunity to amend [her] complaint would be futile." *Id.* at 1109–10.

III.   *Factual Background*

In analyzing a Rule 12(b)(6) motion to dismiss, all "well-pleaded factual allegations in the complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Santa Fe Alliance for Public Health and Safety v. City of Santa Fe*, 993 F.3d 802, 811 (10th Cir. 2021) (internal citation omitted). Here, the facts pled can be summarized briefly.

On April 30, 2015, Ms. Terrazas signed a contract with Globe Acceptance Inc. (Doc. 19) at 2. The precise nature and terms of the alleged contract are not pled, but the Court infers it is a contract for a loan secured by Ms. Terrazas' car. Globe required Ms. Terrazas to carry "forced place" insurance, and she complied, although Globe claimed she did not prove her insurance coverage when she claims she did. *Id.* at 2–3.

On December 4, 2017, Globe repossessed Ms. Terrazas' vehicle. *Id.* at 3. The reason why Globe repossessed the vehicle is not pled. Since the repossession, Globe has persisted in "dishonest[ly]," "knowingly," and "recklessly" reporting untrue information to credit reporting

agencies. *Id.* at 3–4. Again, what information Globe has reported, and in what ways the information is untrue, are facts unknown to this Court.

IV. *Analysis*

In the Amended Complaint, Ms. Terrazas brings seven claims: Count I, breach of contract; Count II, professional negligence; Count III, deformation; Count IV, deformation; Count V, intentional infliction of emotional distress; Count VI, wrongful interreference; Count VII, punitive damages. (Doc. 19) at 4–6. Two initial notes. First, punitive damages are not an independent claim, and will not be treated as one. Second, "deformation" is not a legal claim that this Court is aware of. The Amended Complaint alleges that "Globe Acceptance continues to dishonestly report derogatory marks to all 3 credit agencies with reckless intention while destroying Plaintiff Terrazas's finical [sic] reputation." (Doc. 19) at 5. And later, Ms. Terrazas requests a declaration that "Defendant did in fact willingly reported [sic] false defamatory marks…." *Id.* at 7. Given the invocations of "derogatory" words, Ms. Terrazas' "reputation," and "defamatory" remarks, the Court construes deformation as defamation. Otherwise, the Court takes each count in turn, concluding that each omits critical facts and/or necessary elements and fails to state a claim.

A. *Breach of Contract*

Generally, New Mexico defines the elements of breach of contract as: (1) the existence of a contract, (2) the breach of the contract, (3) causation, and (4) damages. *E.g., Camino Real Mobile Home Park P'ship v. Wolfe*, 1995-NMSC-013, ¶ 18; *Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 34.

In addition to the sparse facts described above, Ms. Terrazas' breach of contract claim is supported by the following lone assertion: "Globe Acceptance Inc. declared intention NOT to

5

perform the primary obligations under the contract by improperly discontinuing a contract without giving proper notice or following proper procedures." (Doc. 19) at 4.

Ms. Terrazas insufficiently alleges breach of contract. While she states she signed a contract with Globe, she does not proffer the contract itself nor even describe its terms, and the Court remains uninformed as to its contents. As for breach, the allegation that Globe improperly discontinued the contract without proper notice is a quintessential conclusory allegation. Without knowing in what ways Globe ceased performance, in what ways they gave notice, and what obligations were imposed on both parties by the terms of the contract, this Court is unable to determine if Ms. Terrazas has a plausible breach of contract claim.

Furthermore, Ms. Terrazas does not address the remaining two elements of breach of contract at all. Though she demands $100,000 in compensatory damages, she does not aver what actual damages she suffered, nor does she explain how those damages were caused by any breach of contract. The Court concludes Ms. Terrazas fails to state a breach of contract claim as a matter of law.

Related to the contract claim, the Court notes that another remedy Ms. Terrazas requests is a declaration that Globe "violated the implied duty of good faith and fair dealing." (Doc. 19) at 7. Breach of the duty of good faith and fair dealing is a distinct claim from breach of contract. *Compare, e.g.*, UJI 13-822 NMRA (Breach of Contract) *to* UJI 13-832 NMRA (Good Faith and Fair Dealing). While Ms. Terrazas lists this declaration as a remedy, she in no other way includes breach of good faith and fair dealing as a claim. The Court therefore declines to consider it as an independent cause of action.

B.   *Professional Negligence*

Generally, a plaintiff must prove the following elements to prevail on a claim for professional malpractice based on negligence: "(1) the employment of the defendant [professional]; (2) the defendant [professional's] neglect of a reasonable duty; and (3) the negligence resulted in and was the proximate cause of loss to the plaintiff." *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 50 (quoting *Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor*, 1993–NMCA–008, ¶ 9).

Ms. Terrazas failed to address the deficiencies noted in her professional negligence claim the first time it was brought and dismissed. The Court pointed out in its Memorandum Opinion and Order dismissing the original Complaint, *see* (Doc. 13) at 6, that Ms. Terrazas did not include an individual defendant to whom professional negligence could be applied. Professional negligence must be brought against an individual professional, not a company generally. Here, still, Globe is the sole named defendant. Thus, the professional negligence claim, unchanged since last dismissed, still fails as a matter of law.

C.   *Defamation*

Under New Mexico law, a prima-facie case for the tort of defamation includes:

(1) a published communication by the defendant; (2) the communication includes an asserted statement of fact; (3) the communication was concerning the plaintiff; (4) the statement of fact is false; (5) the communication was defamatory; (6) the persons receiving the communication understood it to be defamatory; (7) the defendant knew the communication was false or negligently failed to recognize that it was false, or acted with malice; (8) the communication caused actual injury to the plaintiff's reputation; and (9) the defendant abused its privilege to publish the communication.

*Young v. Wilham*, 2017-NMCA-087, ¶ 55 (citing UJI 13-1002(B) NMRA).

Here, Ms. Terrazas' defamation claim fails. She asserts that Globe reported false information to credit reporting agencies and harmed her financial reputation. But as alleged,

7

these are mere conclusory statements. Even accepting as true that Globe reported something to credit reporting agencies, neither the Court nor Globe are informed what the alleged statements were. Critically, no facts show that any Globe statement was actually false or defamatory. Under the plausibility pleading standard, Ms. Terrazas fails to state a defamation claim.

D.   *Intentional Infliction of Emotional Distress*

The following elements must be proven to establish a claim of intentional infliction of emotional distress (IIED): "(1) the conduct in question was extreme and outrageous; (2) the conduct of the defendant was intentional or in reckless disregard of the plaintiff; (3) the plaintiff's mental distress was extreme and severe; and (4) there is a causal connection between the defendant's conduct and the claimant's mental distress." *Trujillo v. N. Rio Arriba Elec. Co-op, Inc.*, 2002-NMSC-004, ¶ 25 (adopting Restatement (Second) of Torts § 46).

"Extreme and outrageous behavior," for purposes of IIED, is that which is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* (quoting Restatement (Second) of Torts § 46 cmt. d). Many acts which may be upsetting nonetheless fall short of the "extreme and outrageous" standard. For example, "[b]eing fired is a common occurrence that rarely rises to the level of being 'beyond all possible bounds of decency' and 'utterly intolerable in a civilized community.'" *Id.* ¶ 27. Additionally, "extreme and severe emotional distress" means that "a reasonable person, normally constituted, would be unable to cope adequately with the mental distress engendered by the circumstances." *Id.* ¶ 28.

For her IIED claim, Ms. Terrazas asserts that Beth Dieter "deliberately changed dates on documented insurance paperwork in order to generate fees and or penalties when Defendant was well aware of Terrazas financial state at the moment." (Doc. 19) at 5. She further alleges that

Globe "deliberately and intentionally reports false information to Plaintiffs financial third parties, for over 60 months, recklessly causing unnecessary mental and financial exhaustion." *Id*. at 6. Finally she claims that Globe "recklessly with a cruel intent continues to add unlawful fees knowingly and intentionally causing financial failure." *Id*.

First and foremost, the Court concludes Ms. Terrazas inadequately alleges "extreme and severe" mental distress. Ms. Terrazas twice references financial damages, but those are extraneous to an IIED claim. The only relevant damage claimed is "mental exhaustion," which falls far short of severe distress. *Cf. Trujillo*, 2002-NMSC-004, ¶ 28 (holding that pleading evidence of depression, sleeping long hours, having erratic eating habits, and being proscribed Prozac, was "legally insufficient under New Mexico law" to state severe emotional distress.).

The Court also concludes that Ms. Terrazas does not allege "extreme and outrageous" behavior on Globe's part. "The 'outrageous conduct' requirement is a high standard that [New Mexico] courts have consistently regarded as a significant limitation on recovery." *Schueller v. Schultz*, No. 34,598, 2016 WL 2853876, at *2, ¶ 8 (N.M. Ct. App. Apr. 18, 2016) (unpublished). The allegations that Globe changed dates on paperwork, falsely reported credit marks, and charged extra fees are serious and perhaps could make up other types of legal claims, but they do not resemble the type of outrageous behavior which could constitute an IIED claim. For example, in one of the only non-employer-employee cases which has survived dismissal in New Mexico, firefighters sued a gas company based on a gas explosion which resulted in a fireball that killed twelve members of an extended family. *Baldonado v. El Paso Nat. Gas Co.*, 2008-NMSC-005, ¶ 3. When the firefighters arrived on scene, some of the still-living victims were conscious and in obvious pain and mental anguish. *Id*. That Court found the gas company's conduct outrageous and extreme, reasoning that it had failed to properly design and maintain gas

9

pipelines, had been earlier cited for the failure, that such failure had resulted in two other explosions, and that it had failed to meet its obligation under federal law to actively cooperate with firefighters. *Id.* ¶¶ 2, 33, 35, 36. In contrast, the facts alleged here bear little relationship to the extreme and outrageous conduct described in *Baldonado*. For these reasons, Ms. Terrazas fails to allege facts which may amount to an IIED claim.

    E.    *Wrongful Interference*

Tortious interference with an existing contract and tortious interference with a prospective contract are two separate claims under New Mexico law. To prove intentional interference with an *existing* contract, plaintiffs

> must demonstrate that (1) Defendants had knowledge of a contract between [Plaintiff] and [Third-party], (2) performance of the contract was refused, (3) Defendants played an active and substantial part in causing [Plaintiff] to lose the benefits of the contract, (4) damages flowed from the breached contract, and (5) Defendants induced the breach without justification or privilege.

*Guest v. Berardinelli*, 2008-NMCA-144, ¶ 32 (citation omitted). To prove intentional interference with *prospective* contractual relations "[Plaintiff] must show that Defendants damaged [them] by either (1) inducing or otherwise causing [Third-party] not to enter into or continue a prospective relation with [Plaintiff] or (2) preventing [Plaintiff] from acquiring or continuing a prospective relation with [Third-party]." *Id.* (citation omitted). To prove either cause of action, a plaintiff must demonstrate that defendants interfered "either through improper means or improper motive." *Id.* (citation omitted).

Ms. Terrazas alleges that Beth Dieter, while working for Globe, "negligently interfered with Plaintiff Terrazas day to day activities and contractual relationships with third parties." (Doc. 19) at 6. She also asserts that Ms. Dieter "stripped Plaintiff Terrazas of the mental stability that is required to raise a very young very new family."

These allegations fail to state a claim. The allegations do not identify a contract which was breached nor prospective contract which was lost; do not allege that Globe knew of those other contracts; and do not claim contract damages. "Establishing tortious interference with contract is not easy." *Ettenson v. Burke,* 2001–NMCA–003, ¶ 14. Here, Ms. Terrazas omits necessary elements of a wrongful interference claim, and in this way falls well short of stating a plausible claim.

V.   *Conclusion*

For all the reasons explained above, the Court concludes Ms. Terrazas fails to state any plausible claim against Globe and grants the Motion to Dismiss (Doc. 20). The Court also concludes that further amendment to the complaint would be futile. It may be that the Amended Complaint, when taken in its broadest strokes, brings allegations which could implicate potential legal claims if stated differently—a loan owner fraudulently changes dates on documents, springs surprise fees, repossesses cars without cause, and intentionally misrepresents debts to credit agencies. But Ms. Terrazas has now brought two different complaints and nine total legal claims which have each stated insufficient facts to be plausible and/or omitted necessary elements to state a legal claim. In at least one instance—professional negligence—Ms. Terrazas has stated the same claim twice despite the Court's explanation of its deficiencies. Even acknowledging the latitude afforded *pro se* plaintiffs, the Court determines further opportunity to amend would not result in successful claims. So, concluding that further opportunity to amend would be futile, the Court dismisses the case with prejudice.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE